Hempi-iilIi, Cli. J.
The ground of objection to the interrogatory is that it constitutes a leading question, and that it may therefore be properly overruled. Tiiis ground cannot be maintained. A leading question is one which may he answered in the affirmative or negative, and suggests the desired answer. It must indicate to the witness in a matter material to the issue such answer as *176 will best accord with the interests of the party. (Greenleaf, vol. 1, see. 435; 2 Pothier, pp. 202, 203; Phill. on Ev., vol. 4, p: 719 of notes; 1 Stark, ou Ev., 149.)
Tlie role must have a reasonable construction. It does not exclude questions which are designed and would have the effect only of leading the mind of the witness to the subject of inquiry. (4 Wend. R., 247.) In eases of conversations, [35admissions, or agreements tlie examiner may draw the wit ness’s attention to the subject, occasion, time, place, and person, and ask whether such a person said anything on the subject, and what he did say. (See the above authorities.) Tlie interrogatory excluded is clearly within the rules prescribed on this difficult subject. It embodies no material fact which admits of a simple affirmance or denial, and its only effect would be to bring the mind of the witness to the point on which testimony was wanting. He had already testified to the fact of the sale of the horse, and if the defendant had made any admissions in relation to his indebtedness the plaintiff had tlie right to prove such admissions and the time at which they were made, and it is difficult to perceive liow the questions could have assumed a more general form or one less suggestive of a particular answer.
The ruling of tlie court was therefore erroneous, and the judgment must be reversed unless the testimony excluded was merely cumulative and could not have changed the result. It'would under the. evidence in this case be assuming too much to decide that the evidence could have had no effect on the minds of the jury. The evidence was contradictory. Two of the witnesses proved that the horse had been paid for, and two that two hundred and fifty dollars was due at or about the commencement of tlie suit. The evidence of one of tlie witnesses proving indebtedness was excluded, and this may have operated prejudicially to the plaintiff and secured the verdict to the defendant. We are of opinion therefore that the judgment should be reversed and the cause remanded for a new trial.
Judgment reversed.