### J. T. BURT ET AL. v. PARKER COUNTY ET AL.
#### No. 6469.

1. **Mechanics' Lien—Subcontractor.**—The owners of property are not liable to subcontractors for any amount paid before being served with notice of their claims.

2. **Same.**—The county of Parker contracted with Milliken & Co. to build a court house. June 29, 1886, the county paid to the First National Bank of Weatherford, a creditor of M. & Co., the balance due them on the contract. Subsequently subcontractors under the statute proceeded to fix their liens. *Held*, that such payment before the subcontractors had given notice as required by the statute, and before they had acquired any rights in the fund, would not render either the county or the bank responsible to the subcontractors for the sum paid, or any part of it.

3. **Representations to Obtain Payment.**—The bank being a creditor had the right, as against other unsecured creditors, to secure payment of its debt. Representations to obtain it did not affect parties not having any right to the money. Until the subcontractors had fixed a lien upon unpaid money on the contract the county did not owe them, nor had they any claim upon the county.

APPEAL from Parker. Tried below before Hon. Geo. A. McCall.
The opinion states the case.

*Hunter, Stewart & Dunklin,* for appellant Burt.—Under the Act of 1885, article 3165, a subcontractor must fix his lien within thirty days after the indebtedness shall have accrued. He can not fix it before the indebtedness accrues. Before he has authority to fix his lien he must give ten days notice in writing before the filing of his lien, to the owner or agent, that he holds a claim against the building.

No indebtedness "accrued" in favor of the plaintiff until his work was according to the contract set out completed and accepted. "Accrue" means "to arise, proceed, spring." His work was not completed and accepted until July 2, 1886. He therefore could not legally fix a lien upon the building until ten days after July 2. If the owner knew, as is alleged in the petition, that Burt had a claim against the building, or would have when the building was completed and received, it was a fraud upon his rights for the county to settle with the original contractor, receive the building before it was finished, and pay over all that was due. The law fixes the status of the amount due the contractor as a trust fund, to be held for the benefit of subcontractors and material men and laborers, and it was the duty of the county to hold the funds due to the original contractor until all the claims of these persons were paid or determined not to be due.

It is no excuse to say that the plaintiff's lien had not been fixed at the time the county settled with the contractor and paid the money, if the building was not then complete, the plaintiff's work not finished, and the county knew these facts. Acts 1885, p. 64, arts. 3165, 3176, 3178; Webster's Dic., "accrue."

*B. G. Bidwell* and *J. L. L. McCall,* for intervenors.—1. Mechanics, artisans, and material men of every class have a lien on the building erected by them for labor done thereon or for materials furnished therefor. Const., art. 15, sec. 37; Acts 1885, p. 63, arts. 3164, 3165, 3176.

2. Public property of counties is exempt from forced sale except for foreclosing a vendor's lien, mechanic's or material man's lien, and other liens existing on the 18th day of April, 1876, when our present Constitution went into effect. Const., art. 11, sec. 9; Rev. Stats., art. 2339.

Article 16, section 37, of our Constitution, in express terms and without any exceptions whatever, gives mechanics, etc., a lien upon the buildings made by them.

Article 11, section 9, defines the property belonging to towns, cities, and counties which shall be exempt from forced sale, and in plain terms says that mechanic's liens, etc., may be enforced against public buildings.

The Legislature, following the Constitution, provides for the lien on any house, etc., and in article 2339 adopts the language of the Constitution. These are no merely idle provisions. Some force must be given to

them, and in no way can it be done except by carrying out the plain purpose of the law and give the lien.

The cases which hold that public property can not be taken under an execution place that doctrine upon the theory that public policy forbids it; but public policy can not defeat a plain written law. When the Constitution and statutes have in plain terms stated what the law is, there is then no public policy as applicable to such laws except as is expressed in the law itself.

3. The cross-petitioners had thirty days in which to fix their liens after their claims accrued, but they had to first give ten days notice in writing to the owner that they held claims against the building. The claims "accrued" when the work was finished as agreed on or the materials were furnished. The debt for the materials furnished accrued when the last item was furnished, as shown in running account. The settlement by the county with the contractor can not prejudice the rights of these cross-petitioners. The county held the amount due the contractor in trust for them.

Time and manner of fixing liens. Acts 1885, p. 64.

Time of "accrual" of claim. Weber v. Harbor Comms., 18 Wall., 57; 36 Mo., 128; 31 Wis., 451; 23 N. W. Rep., 3.

*Hood, Lanham & Stephens*, for appellees. — 1. The mechanic's lien law of Texas is not applicable to counties and their court houses and public squares dedicated to public use. Rev. Stats., arts. 3169–3173, 2339; Const., art. 11, sec. 9; Phill. on Mech. Liens, secs. 179, 179a; Leonard v. Brooklyn, 71 N. Y., 498; Ripley v. Gage County, 3 Neb., 397; Abercrombie v. Ely, 60 Mo., 23; 2 Dill. on Mun. Corp., sec. 577; Fleishel & Kinsey v. Hightower, 62 Ga., 324; Whiting v. Story County, 54 Ia., 81; Pike County v. O'Connor, 86 Ind., 531.

2. If the mechanic's lien were applicable to counties and their public buildings, appellants can not invoke its provisions to assert a lien on said court house, because they are only subcontractors under J. H. Milliken & Co., with whom Parker County contracted for the erection of said court house on the 9th day of June, 1884, at which date there was no law in Texas by which a subcontractor could acquire any lien on the building constructed.

Subcontractors had no lien prior to Act of 1885. Horan v. Frank, 51 Texas, 401; Loonie v. Frank, 51 Texas, 406; Shields v. Morrow, 51 Texas, 393.

A law giving such lien passed after the original contract was made is *ex post facto*. Phill. on Mech. Lien, sec. 65; Donaby v. Clapp, 12 Cush., 440; O'Neil v. St. Olaf's School, 26 Minn., 329; Bohn v. McCarthy, 29 Minn., 23; Laird v. Moonan, 32 Minn., 360.

3. The mechanic's lien law being inapplicable to counties and their

public buildings, will not authorize a personal judgment against a county in favor of a subcontractor for material furnished by him for the original contractor.  Ripley v. Gage County, 3 Neb., 397.

4.  The Act of 1885, under which appellants claim a lien on the money due the contractor on completion of the building, being inapplicable to public buildings, and being passed after the contract was made under which said court house was erected, gives appellants no lien on said money as a trust fund.

5.  Appellants having failed to allege in their several petitions that Parker County was indebted to the contractor Milliken in any sum when the pretended notices were served on B. F. Richey, county judge, the demurrer resisting a personal judgment was properly sustained.  Rev. Stats., arts., 3176–3178;  Sens v. Trentune, 54 Texas, 218.

COLLARD, JUDGE.— It is alleged by plaintiff and other parties seeking a recovery against Parker County and the First National Bank of Weatherford that the court house was completed and accepted, and the contract by Milliken & Co. with the county was in all respects carried out on the 29th day of June, 1886, and that on that day the county paid the bank all the balance due Milliken & Co. on the contract.  It also appears from allegations made that none of the subcontractors with Milliken & Co. gave notices to the county or took any steps to fix their alleged liens on the house or establish their claims against the county until after the amount due Milliken & Co. had been paid and the contract fully satisfied.  It is alleged, however, that the subcontractors filed their claims in the office of the county clerk and had them duly recorded within thirty days after the same accrued, having given proper notices to the county ten days previous to such filing and recording, and it is therefore contended that they used all the diligence that was necessary or that could have been used to fix the liens and the liability of the county.  Sayles' Civ. Stats. (Acts 1885), arts. 3164, 3168, 3175, 3176.  A lien was evidently intended to be given by the law to subcontractors, material men, and laborers furnishing material or doing work on a building upon compliance with the statute, but it is equally evident that the liability of the owner was limited to the amount of the debt due the original contractor in the hands of the owner at the time the proper notice is given.  The owner is required to *retain* in his hands the amount claimed or found to be due.  It is not the purpose of the law to require the owner to pay for his improvement or building twice, or to pay or become liable for more than he originally contracted to pay.  This doctrine is fully established and statutes discussed in two cases decided by the Supreme Court of this State, and the liability limited as follows:  " The owners of the property are not liable to subcontractors for any amount paid before

being served with notice." Dudley v. Jones, *ante,* 69; Fullenwider v. Longmoor, 73 Texas, 481.

The appellants had no valid claim against the county of Parker or lien on the court house at the time the money was paid to the bank, and none such could be created by the proceedings instituted by them after the money due on the contract had been fully paid. The county paid the balance due Milliken & Co. to the bank, a creditor without lien; but such payment before appellants had given the notice required, and before they had acquired any rights in the fund, would not render either the county or the bank responsible for appellants' claims or any part of them. There was no question of collusion between the bank and the county to defraud the subcontractors, and no opinion is expressed upon that subject.

It is alleged, however, that the bank obtained the money from the county by false and fraudulent representations made to the county officials, that it had assumed to pay appellants' debts, that the money demanded was to reimburse it for paying the claims, and that it was collecting said money in order to pay said claims. The bank was not a lien creditor, it is true, but it did not have to be to collect its debt before other debts were secured by liens. The county was not at the time of the payment to the bank liable in any form to look after appellants' claims or protect them. In such case the representations of the bank, as alleged, was no fraud upon appellants; no right of theirs was interfered with. Had Milliken made such representations there would have been no fraud, and the bank being itself a creditor, seeking payments of its debt, had equal if not superior right to Milliken.

We conclude there was no error in sustaining the exceptions to the petitions and cross-suits as against the county and the bank. The court gave judgment for plaintiff and cross-claimants against J. H. Milliken.

The judgment of the court should be affirmed.

*Affirmed.*

Adopted May 20, 1890.