## M. COHEN V. R. OLIVER
### No. 561.

1. **Chattel Mortgage—Authority to Execute.**—Authority to an attorney in fact to execute a trust deed upon chattels may be verbal, and is sufficiently proved by the testimony of the principal that he had given such authority. A previous written authority to the same person to sell the chattels (goods) in the usual course of mercantile business does not affect the matter.

2. **Same—Ratification.**—Where such verbal authority to sell or mortgage personal property is proven, it is not necessary to show a ratification of the sale.

3. **Assignments of Error.**—Assignments of error based upon objections to evidence should be specific and clear, and should be confined to objections made to the testimony in the court below, and should be based upon a proper bill of exceptions contained in the record.

4. **Practice—Objections to Deposition.**—Where objection is made to only part of a deposition, and the same testimony is contained in another part of the deposition, to which no objection is made, error in the court's ruling on the point is immaterial.

5. **Same—Failure to Answer.**—Where an interrogatory is not pertinent to any issue in the case, failure of the witness to answer it is not ground for suppressing the deposition.

APPEAL from the County Court of Limestone. Tried below before Hon. W. G. RUCKER.

*Cobb & Jackson,* for appellant.—1. A general authority given an agent to carry on a business for his principal does not include power to make a deed of trust. Gouldy v. Metcalf, 75 Texas, 455; Reese v. Medlock, 27 Texas, 123; Wood v. McCain, 42 Am. Dec., 612.

2. The question of ratification vel non of an unauthorized act of one assuming to act in behalf of another, is one of law, and it is error to allow the principal to testify that he ratified the act, when it is not shown that he knew what the act was. He should state simply what acts he performed and what words he uttered regarding the matter. Bank v. Jones, 18 Texas, 812; Reese v. Medlock, 27 Texas, 125; Etheridge v. Price, 73 Texas, 597.

3. A ratification of the trust deed after appellant had levied on the goods would not operate to make good the trust deed made without previous authority. Connor v. Littlefield, 79 Texas, 76; Wood v. McCain, 42 Am. Dec., 612; Laws. on Con., sec. 203.

*Farrar, Kincaid & Williams,* for appellee.—1. Any original instrument permitted or required by law to be recorded, after being recorded in the manner required by law in force at the time of its registration, is admissible in evidence without proof of its execution, provided it shall have been filed three days before the trial, and notice of its filing given to the opposite party. The original trust deed was in evidence, indorsed as follows: "Filed for record Dec. 24, 1891, at 2 o'clock, p. m. W. P. Brown, Co. Clk." 2 Sayles' Civ. Stats., arts.

3190b; 3190b, sec. 2; 3190b, sec. 4; and 3190b, sec. 7; Rev. Stats., art. 2257.

2. Verbal authority for the execution of the deed of trust to which I. Reicher testifies was not inconsistent with the written power of attorney, but in addition to it, and is sufficient to support the deed of trust. Heatherby v. Record, 12 Texas, 49; 1 Wait's Ac. and Def., p. 229; 18 Am. and Eng. Encyc. of Law, 877; 1 Greenl. on Ev., 303; Piatt v. United States, 22 Wall., 496; Atwell v. Miller, 69 Am. Dec., 206; 17 Am. and Eng. Encyc. of Law, 447, note 6.

3. A verbal authority to execute a deed of trust or assignment for the benefit of creditors is good and sufficient. Gouldy v. Metcalf, 75 Texas, 455; McKee v. Coffin, 66 Texas, 612; Story on Agency, sec. 47.

LIGHTFOOT, CHIEF JUSTICE.—On December 24, 1891, and for some time prior thereto, H. Reicher was running a grocery store in the town of Groesbeck, Texas, as agent of I. Reicher, who lived in New York; his appointment being by a written power of attorney duly recorded in Limestone County, Texas. On December 24, 1891, I. Reicher, by his attorney in fact, made a deed of trust securing certain creditors named therein, appointing R. Oliver, trustee. On December 25, 1891, M. Cohen, being a creditor of I. Reicher, sued out a writ of attachment, and had same levied by the sheriff of Limestone County on part of the goods in the hands of the trustee, who on December 29, 1891, filed his claimant's oath and bond. On December 13, 1892, this cause for the trial of the right of property was heard, resulting in a judgment for claimant, R. Oliver, from which judgment M. Cohen has taken this appeal.

1. Appellant's first assignment of error is, that the court erred in permitting appellee to read in evidence the trust deed purporting to have been executed by H. Reicher, as agent and attorney in fact for I. Reicher, for the following reasons: (1) because there was no proof of its execution; (2) because the power of attorney from I. Reicher to H. Reicher does not authorize such trust deed.

We do not think this assignment of error well taken.

(1) While the proof of the execution of the instrument was not clear and positive, yet we think it was sufficiently proved to authorize its admission in evidence.

It was shown by the testimony of I. Reicher that he authorized his brother, H. Reicher, to execute such a deed of trust, about December 10 to 15, 1891. Defendant Oliver testified, at the time said deed of trust was executed he was doing a banking business in the town of Groesbeck, and was cashier of the Groesbeck National Bank. * * * That H. Reicher remained in Limestone County for several days after the deed of trust was executed, and then left, and has not since returned. That said H. Reicher left Groesbeck the evening after the deed of trust was executed, and went to Mexia, about twelve miles away, and returned on the next train. That the property covered by the

deed of trust to him was not worth enough to pay the debts secured; that he realized about $900 out of the same. Said Oliver testified, further, that he took possession of the property conveyed by the deed of trust as soon as the same was executed, and that he was in possession of the property when the sheriff levied the writ of attachment. The debts of the Groesbeck National Bank and D. & R. Oliver were proved.

(2) The authority to execute the instrument was sufficiently shown by the testimony of I. Reicher. See Sayles' Civ. Stats., art. 3190b, secs. 2, 4, 7; McKee v. Coffee, 66 Texas, 307; Gouldy v. Metcalf, 75 Texas, 455; Story on Agency, sec. 47.

2. The second assignment of error is as follows: "The court erred in permitting defendant (appellee) to read in evidence the depositions of I. Reicher, for the following reasons:

"(1) Because the interrogatories and answers were too general and indefinite, and did not identify the instrument authorized by I. Reicher, nor the one about which he was testifying.

"(2) Because the question of ratification was one of law, about which the witness could not give his opinion.

"(3) Because said depositions sought to show a verbal authority, inconsistent with the written authority.

"(4) Because it was not shown that the witness knew the contents of the trust deed at the time he was testifying, and could not therefore ratify the same.

"(5) Because, if the power sought to be shown by the depositions was verbal, it could not be shown as against the rights of appellant."

This assignment is too general, and does not comply with the rules. The assignment should be specific and clear, and should be confined to objections made to the testimony in the court below, and should be based upon a proper bill of exceptions contained in the record. While a portion of the depositions of I. Reicher may be open to exception, the general objections set out in the assignment are not well taken. It does clearly and definitely appear from such depositions, that the witness had sometime before furnished his brother, H. Reicher, about $1400 to conduct a business for him, and constituted his brother his agent. That about December 10 or 15, 1891, witness found that the business would not pay out, and that he was insolvent, and authorized his brother to execute a deed of trust on the stock, etc., to secure creditors.

Verbal authority to sell or mortgage personal property was good, and the authority having been exercised, it was not necessary that it should be ratified, although the testimony shows such ratification. The special verbal authority to mortgage was not affected by the original general authority to sell and trade, as agent, given a year or two previous. Kittrell v. Blum, 77 Texas, 338; McGaffin v. Sowell, 1 Texas Civ. App., 190; McKee v. Coffee, 66 Texas, 307; Jones on Chat. Mort., sec. 52;

Story on Agency, sec. 47, Id., sec. 50; 2 Hilliard on Mort., 156; 1 Am. and Eng. Encyc. of Law, 339.

3.  The third assignment of error objects to the overruling of appellant's motion to suppress the eighth and ninth interrogatories and answers in the depositions of I. Reicher, because such interrogatories were leading, and suggested the answers.  They are as follows:

"Int. 8.  Independent of the power of attorney of July 25, 1890, what authority, if any, did you give H. Reicher?

"Ans. 8.  Full power to do what was done.

"Int. 9.  If you say you authorized him to assign or make a deed of trust for the benefit of creditors in case his business was embarrassed or required it, then state all you intended to do.

"Ans. 9.  I did not authorize him to make a general assignment, but did to make a deed of trust.  I gave him full power to act in all matters, and instructions as to making the transfer to secure creditors."

See Long v. Steiger, 8 Texas, 461; Abb v. Sparks, 6 Texas, 349; Payne v. Benham, 16 Texas, 364.

It would be useless to pass upon these objections, for the reason, that if they were held to be well taken, the exact subject matter was drawn out by appellant on cross-examination, to which no objection was made.  For instance:

"Cross-int. 4.  When did you see H. Reicher last before he executed the trust deed to Oliver?  Give date.  Where did you see him?

"Ans.  In Dallas, Texas, December 10, 1891.

"Cross-int. 5.  If, in answer to direct interrogatories 8 and 9, you say you authorized H. Reicher to make said deed of trust, when did you give him said authority?  State fully time and place.

"Ans.  About December 10 to 15, 1891, in Dallas, Texas.

"Cross-int. 6.  When did you first hear of the making of said deed of trust?  Give date.

"Ans.  Shortly after it was made—about December 25 or 26, 1891.

"Cross-int. 7.  If, in answer to direct interrogatory 9, you say you ratified the making of said deed of trust, please state when you so ratified it; give date.

"Ans.  I ratified it as soon as it had been done, and had previously authorized it to be done."

Where objection is made to only a part of a deposition, and the same testimony is contained in another part of the same deposition, to which no objection is made, the ruling of the court upon such objection could not affect the appellant's right, and even if error, would be considered harmless.

4.  The fourth assignment attacks the order of the court in overruling appellant's motion to suppress the deposition of I. Reicher, because the witness refused to answer the cross-interrogatories 2, 3, 9, and 14.

The witness practically answered cross-interrogatories 2, 3, and 9, and it is clear that he did not intentionally evade any one of them.

Taking all of his depositions together, each of the said questions is fully answered.

The fourteenth interrogatory is not pertinent to any issue in the case, and the failure of the witness to answer it does not affect the rights of appellant. The fourth assignment is without merit.

We find no error in the judgment, and the same is affirmed.

*Affirmed.*

Delivered November 28, 1894.