## C. CLEVELAND v. W. T. TAYLOR.

### Decided March 9, 1908.

**1.—Evidence—Leading Question.**

In a suit upon a dishonored draft, to which defendant answered that the draft had been raised by plaintiff, defendant's counsel was permitted to ask the cashier of the bank which refused payment, while testifying for defendant, the following question: "I will ask you if you would not have cashed that check if you had not thought there was something crooked about it." To which the witness answered, "Yes, sir." Held, an objection that the question was leading, and suggested that a fraud had been perpetrated by plaintiff upon defendant, should have been sustained.

**2.—Pleadings—Issue—Charge.**

Where, in a suit upon a draft for $1,000, payment of which had been refused by the drawee, plaintiff, in his pleadings, declared upon that draft alone, and contained no prayer for alternative relief, the court properly limited plaintiff's right to a recovery to a finding by the jury that the defendant executed the draft sued on, although defendant's testimony tended to prove that he executed a draft in plaintiff's favor for $600.

**3.—Trial—Undisputed Testimony—Submission of Issue.**

Where there is no evidence tending to support an issue made by the pleadings, it is reversible error for the court to submit such issue to the jury.

**4.—Gaming—Loan of Money—Right of Recovery.**

Mere knowledge on the part of one loaning money that it is to be used for an illegal purpose will not, of itself, without other act in aid or furtherance thereof, defeat the lender's right of recovery.

Appeal from the District Court of Wharton County. Tried below before Hon. Wells Thompson.

*W. L. Hall* and *J. V. Meek,* for appellant.—Mere knowledge that money loaned might or would be used in an illegal enterprise would not of itself, without other acts in aid or furtherance thereof, defeat the right to recover same. Lewis v. Alexander, 51 Texas, 591; Bishop v. Honey, 34 Texas, 245; Kottwitz v. Alexander, 34 Texas, 689; McKinney v. Andrews, 41 Texas, 364; Oliphant v. Markham, 79 Texas, 547; Chit. Con., 735, et seq.; 1 Pars. on Cont., 556.

No briefs for appellee.

McMEANS, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee on a draft for one thousand dollars alleged to have been drawn by appellee in favor of appellant on G. C. Gifford &

Company, the payment of which, on presentation, was refused. Appellee pleaded the general issue and *non est factum;* and further, that he had given to appellant, through one Louis Richter, appellant's agent, a draft for $600 and no more, and that if said draft was the same sued on in this case it had been raised without his consent from $600 to $1000; that when he gave the said draft for $600 to Richter, he, the appellee, was in an intoxicated condition and incapable of exercising his reason, and was not then in possession of his mental faculties nor in mental condition to make a valid contract, all of which was then known to appellant's said agent. He further pleaded that at the time the draft was given by him to appellant's agent it was for money advanced by said agent for the purpose of gaming.

Appellant, by supplemental petition replying to the allegations of the answer of appellee, alleged that at the time the draft was executed and delivered to his agent he was out of the State; that during his absence his agent, Richter, during several days before the date of the draft, had from time to time supplied appellee with money as he desired it, and that appellee had told said Richter that he wanted to get as much as $1000, and that before he left Houston he would give a check for the same; that prior to the time appellee signed the check sued on he had been given various sums amounting to $900, and that he received an additional $100 at the time the check was signed. He denied that the check given by appellee had been altered in any respect, and also denied that the money was gotten by appellee for the purpose of gaming, and further denied that appellee, when he signed the check was intoxicated to such a degree as to render him incapable of making a valid contract.

The case was tried before a jury and a verdict and judgment were rendered for appellee.

The evidence shows that the draft was forwarded for collection and upon the presentation to Pat Murray, cashier of the bank of G. C. Gifford & Company at Wharton, payment thereof was refused by him. While Murray was testifying on the trial of the case in behalf of appellee he was asked by appellee's counsel the following questions: "I will ask you, Mr. Murray, if you would not have cashed that check at the time if you had not thought there was something crooked about it?" To which the witness answered: "Yes, sir." Objection seasonably interposed to the question and answer was overruled, the ground of objection being that the question was leading and suggested that a fraud had been perpetrated by the appellant against the appellee; and that the answer was calculated to, and did prejudice the jury against appellant. We are of opinion that the testimony should not have been admitted, and the assignment presenting the point is sustained. San Antonio & A. P. Ry. v. Hammon, 92 Texas, 509.

The third assignment of error is predicated upon that part of the court's charge which is as follows: "If you believe from the evidence that the defendant did not execute his draft to plaintiff for $1000 on the 26th day of January, 1904, then you will find for defendant." Appellant contends that this charge was erroneous because it was shown by the undisputed testimony that appellee had on said date

given his draft to appellant for either $1000 or $600, and that he had received of appellant one or the other of said sums, and that one or the other of such sums was due him by appellee, and that therefore the jury should have been instructed in the event they believed from the evidence that Taylor had received $600 and not $1000, to find for appellant for said amount.

The testimony offered by appellant tended to prove that the amount was $600. There was no proof tending to show that the draft sued on had been raised or in any manner altered. If, as contended by Taylor, he had in fact given a draft for $600, such draft was negotiable and then outstanding, hence in view of plaintiff's pleadings, declaring on the draft for the larger amount only, and in the absence of any pleading declaring in the alternative on the draft for the smaller amount, the charge complained of was proper, and the assignment presenting the point is overruled.

The fourth assignment of error is predicated upon the giving of the following charge: "If you believe from the evidence that plaintiff, by his agent, Richter, loaned said money to the defendant and gave his draft therefor, but that, at the time of borrowing said money and the drawing of said draft, the defendant, Taylor, was in such a state of drunkenness that he was incapable of knowing what he was doing and of exercising his judgment, and of making a contract, then you should find for defendant." It is contended by appellant that this charge was not warranted by the evidence, and to this we agree. Appellee, while claiming that he borrowed only $600 from appellant's agent, and that he gave his check only for that amount, testified that he was not so drunk that he did not know what he was doing when he borrowed the money nor when he gave his check; that he knew what he was doing all the time and that when drunk he is sharper than he is at any other time. Richter testified that appellee was sober when he borrowed the various sums aggregating the amount of the draft sued on, and that when he signed the check he was drinking but not so drunk that he did not know what he was doing. No other witness testified in reference to appellee's condition at the time of the transaction in question. The assignment presenting the point is sustained.

The court charged the jury that if they believed from the evidence that when said money was loaned by appellant and borrowed by appellee the latter knew what he was doing and was capable of making a contract, but if they further believed that said money was loaned to appellee for the purpose of gambling, and borrowed by him for that purpose, plaintiff could not recover, and the jury should find for defendant. This charge is assailed on the grounds, first, that there was no evidence to support it, and second, that even if the lender knew that the money was to be used by the borrower for the purpose of gambling, such knowledge on his part, in the absence of an understanding that he should be paid out of the illegal gains of the borrower or that the money should be so unlawfully used, would not defeat his right of recovery. The testimony tended to prove that Richter knew that appellee was gambling with the borrowed money, but there was an entire absence of evidence that the money was loaned for that specific purpose. Mere knowledge on the part of Richter that money loaned

was to be used by appellee for an illegal purpose would not of itself, without other act in aid or furtherance thereof, defeat appellant's right of recovery. Louis v. Alexander, 51 Texas, 591. The assignment is sustained.

We have examined the remaining assignments of error presented in the brief of appellant and are of the opinion that there is no reversible error pointed out in any of them.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*