BRITAIN v. RICE.   (No. 5553.)

(Court of Civil Appeals of Texas. Austin. Jan. 12, 1916.)

1. WITNESSES ☞240—EXAMINATION—LEADING QUESTION.

Unless some exception exists, leading questions as to a material fact are not allowable; therefore, in an action for commissions for effecting a sale of land, it is improper to allow leading questions to the plaintiff broker as to whether defendant did not promise under stated circumstances to pay the commission.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. ☞240.]

2. EVIDENCE ☞213 — ADMISSIONS — COMPROMISE.

In an action for commission for securing a purchaser for land, the broker is not entitled to show that he offered to arbitrate the controversy, but defendant refused; such testimony tending to prejudice defendant before the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. ☞213.]

3. APPEAL AND ERROR ☞1170 — REVIEW — HARMLESS ERROR.

In an action for commission for effecting a sale of land, where the evidence as to plaintiff's right to commission was conflicting, the impropriety of allowing leading questions to plaintiff as to defendant's promise cannot be held harmless under rule 62a (149 S. W. x) and the judgment affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

Appeal from Coryell County Court; H. E. Bell, Judge.

Action by W. E. Rice against J. M. Britain. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

McClellan & McClellan, of Gatesville, for appellant. Mears & Watkins, of Gatesville, for appellee.

JENKINS, J. Appellee recovered judgment against appellant for the sum of $300, as commission on the sale of land. Appellant listed his land with appellee for sale at $6,000, stating that he preferred to sell for cash, but would take $3,000 or $4,000 in cash and the balance on terms to suit the purchaser. The appellee found a purchaser who was willing to take the land at the price, provided the appellant would take an automobile as a cash payment for $650, and vendor's lien notes for the remainder. Appellant informed appellee of the offer, and stated that he could not take the automobile as a cash payment, unless appellee would take the same and pay him $350 difference between the price of the automobile and his commission. This appellee declined to do. Appellant then informed appellee that he would make the trade and take the automobile if appellee would accept $50 as his commission. The evidence raises the issue as to whether or not the terms as thus proposed were accepted. The trade was finally closed; appellant taking the automobile as a payment on the land.

[1] Appellant's first assignment of error is as follows:

"The court erred upon the trial hereof and during the introduction of testimony and while plaintiff was testifying as a witness in his own behalf in permitting counsel for plaintiff over the objection of defendant to ask plaintiff the following question to wit: 'He [meaning defendant] told you, did he not, that if he traded with the party or parties named by you [meaning old man Stanfield or any of his sons] that he would pay you a commission of .5 per cent?'—and in permitting said witness to answer such question in the affirmative, for the reason that counsel for plaintiff had theretofore been repeatedly admonished by the court not to lead his witness, and because said question is in its nature highly leading and suggestive of the answer expected, and because said question related to a highly material matter, an affirmative answer to same being absolutely essential to plaintiff's cause of action herein, and because the witness was counsel's own witness, and was a willing, and not a reluctant, witness, and was and is an astute and capable man, whose memory was fresh upon the matter about which he was being interrogated, and because the witness without suggestion had previously testified to a conflicting agreement with defendant, and the admission of the suggested answer to such leading question was highly prejudicial to this defendant, as more fully appears by defendant's bill of exception No. 4."

This assignment is practically a copy of appellant's bill of exceptions, and formed the fourth paragraph of appellant's motion for a new trial. Just previous to the question objected to appellee testified as follows:

"I then told the defendant that I believed old man Stanfield or some of his boys would buy the place. In this conversation the defendant told me that if he sold the place he would want all cash, but might take $3,000 or $4,000 in cash and the balance on time. That was what he told me when I asked him how he would sell the place."

Whereupon appellee's attorney propounded the following question:

"He told you, did he not, that if he traded with the party or parties named by you that he would pay you a commission of 5 per cent.?"

Which question appellee answered in the affirmative.

In Railway Co. v. Hammon, 92 Tex. 515, 50 S. W. 123, Chief Justice Gaines, speaking for the court, said:

"In a very few jurisdictions it is held that the admission of leading questions is discretionary with the trial court, and that therefore its action upon the matter is final. In others, it seems to be held that, in order to reverse for the admission of an answer to a leading question, the burden is upon the appealing party to show by his bill of exceptions that the court did not admit it in the exercise of a sound discretion as coming under some one of the exceptions to the rule. We think, however, that since the general rule is that leading questions as to a material fact are not allowable, in order to sustain the action of a court in admitting answers thereto, the record should show that for some sound reason the judge saw proper to exercise his discretion and to relax the rule. Such we understand to be the rule of decision in this court. In no case in our reports in which this question has been discussed, from Able v. Sparks, 6 Tex. 349, to Railway v. Duelin, 86 Tex. 450 [25 S. W. 406], have we found any intimation that, in the absence of a showing in the bill of exceptions to the contrary, the appellate court will presume that an answer to a leading question was admitted, not because the trial judge was of opinion that it was not leading, but for the reason that he considered that the circumstances demanded that he should exercise his discretion and admit it."

In this case, as in the case above referred to, "we do not see from the face of the record a single circumstance to justify the court in departing from the general rule." The witness was not only not unwilling, but was the plaintiff in the case. The question was very material, and certainly suggested the answer desired. The court committed reversible error in overruling appellant's objection. Gordon v. McCall, 20 Tex. Civ. App. 283, 48 S. W. 1111; Cleveland v. Taylor, 49 Tex. Civ. App. 496, 108 S. W. 1037.

[2] We also sustain appellant's second assignment of error, which relates to the action of the court in permitting appellee to testify that, in a conversation with appellant wherein he claimed that appellant owed him $300, and appellant claimed that he owed him only $50, appellee offered to arbitrate the matter by the parties' selecting three disinterested men and making their statements to them and abiding by their decision. It is not permissible upon the trial of a cause for a party to prove that he offered a settlement or to compromise the matter in dispute, and such evidence is calculated to prejudice the opposite party by impressing the jury with the good faith of the party making the offer. The right of a party to recover in a suit depends upon the law and the facts, and not upon his good faith in reference to the same. Railway Co. v. Green, 35 S. W. 819; Wall v. Melton, 94 S. W. 358; Railway Co. v. Ragsdale, 67 Tex. 24, 2 S. W. 515.

[3] If the evidence in this case was such as to clearly indicate that appellee should have recovered upon the merits, we would be disposed to affirm the case under rule 62a (149 S. W. x); but in this case the evidence is not only sharply conflicting, but, as we see it, preponderates somewhat in favor of appellant.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.