## SEIBERT v. SALLY.

### No. 12233.

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1951.

Rehearing Denied March 1, 1951.

Fowler & Conn, Louis A. Pontello, Jr., all of Houston, for appellant.

J. W. Mercer of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, which the record supports and to which the appellant has not objected, is taken from the appellee's brief:

"This is a suit on two promissory notes made by the appellant L. J. Seibert and payable to himself, both dated September 26, 1945, one in the amount of One Thousand Two Hundred ($1,200.00) Dollars, and one in the amount of One Thousand Three Hundred ($1,300.00) Dollars; the evidence showed that L. J. Seibert was engaged in a game of pitch for money with a man named Jack Cole, and that appellant was present at least during a part of the time that the game was in progress; that after the game was over the appellant executed the two notes involved, one for $1,200.00 which the appellant endorsed and delivered to the appellee, R. C. Sally, for money which appellee advanced to him as a loan during the course of the game; the other note for $1,300.00 appellant endorsed and delivered to the said Jack Cole for money lost to him in the card game; Later Jack Cole, who was an employee of the appellee R. C. Sally in the insurance business, delivered his note to appellee in consideration of money which he owed appellee; The Court found in favor of R. C. Sally on the $1200.-00 note with 10% attorney fees and interest; but denied any recovery on the $1300.-00 note originally endorsed and delivered to Jack Cole by appellant because the same represented payment of a gambling-debt won in said game of pitch by Jack Cole, in which he and appellant had participated, of which this appellee had knowledge, and hence was an illegal contract."

Appellant states these two points-of-error:

1. The evidence showed that plaintiff's cause-of-action was barred by the statute of limitation, Article 5527, R.C.S., providing that such a suit on a promissory note had to be brought within four years after the cause-of-action accrued.

2. The court erred in granting the appellee judgment against the appellant upon the $1,200.00-note, and "as it appeared from the evidence that such promissory note was given in furtherance and payment of a gambling transaction, hence there was no legal consideration for it."

Neither point, it is determined, can be sustained.

As affects the claim for limitation, the $1,200.00-note was dated September 26, 1945, and the suit was filed thereon on September 26, 1949; hence, it was filed within the four-year period.

Under our law, both statutory and by judicial construction, the terms "one year" and "one month" mean a calendar year, and a calendar month; hence, the appellee in this instance had all of September 26 of 1949, within which to file his suit, wherefore it was brought within the four-year period. These authorities are thought to substantiate that conclusion: Key v. Forshagen, Tex.Civ. App., 57 S.W.2d 232; Douglas v. Acacia Mut. Life Ins. Co., Tex.Civ.App., 118 S. W.2d 643; Price v. Wood, Tex.Civ.App., 88 S.W.2d 530; Article 23, Revised Civil Statutes, Sections 15 and 16; Gardner v. Universal Life & Acc. Ins. Co., Tex.Civ. App., 164 S.W.2d 582, error dismissed.

As the quoted statement has recited, it is held that the trial court correctly distinguished between the two notes originally sued upon, in that it held the $1,200.00-note was not based upon a gambling-debt, whereas the $1,300.00-one was; in other words, it found that the $1,200.00 was merely returning to the appellee the borrowed money the appellant owed him, which was permissible, although lent at a place where gambling was going on. See these authorities: Smith v. Harris, 35 Tenn. 553, L.R.A. Vol. 1918C–pg. 252, 253;

Stewart v. Miller, 3 Willson, Civ.Cas.Ct. App. § 292; Futch v. Sanger, Tex.Civ. App., 163 S.W. 597, err. refused; Krackau v. Abe B. Freeman, Tex.Civ.App., 60 S.W.2d 853, error dismissed; Perkins v. Nevill, Tex.Com.App., 58 S.W.2d 50; Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808; McKinney v. Andrews, 41 Tex. 363; Bishop v. Honey, 34 Tex. 245; Lewis v. Alexander, 51 Tex. 578; Bonnie & Co. v. Blankenship, Tex.Civ.App., 208 S.W. 934; Anheuser-Busch Brewing Co. v. Houck, Tex.Civ.App., 27 S.W. 692, 698; Cleveland v. Taylor, 49 Tex.Civ.App. 496, 108 S.W. 1037.

These conclusions require an affirmance of the judgment.

Affirmed.