

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 6, 1967

Hon. Pat Bullock                    Opinion No. M-100
Chairman
Board of Pardons and Paroles        Re:  Construction of that
Austin, Texas                            portion of S.B. 145,
                                         60th Legislature,
                                         relating to the amend-
                                         ment of Article 42.12,
                                         Section 15, Vernon's
                                         Code of Criminal Pro-
Dear Mr. Bullock:                        cedure.

  You have requested our opinion as to the construction of the amendment of Section 15 of Article 42.12, Vernon's Code of Criminal Procedure, by S.B. 145, 60th Legislature.  In substance, your questions are directed to what effect the amendment has in reference to the time persons confined in any penal or correctional institution of this State are eligible for parole.

  Before Section 15 of Article 42.12 was amended it consisted of six paragraphs, which were not numbered or lettered for identification.  Only the wording of the first paragraph was changed, as the other five paragraphs were re-enacted in identical language.  For identification the six paragraphs were lettered (a), (b), (c), (d), (e) and (f).

  Before the amendment of the first paragraph /now paragraph (a)7, it read as follows:

> "Sec. 15. The Board /Board of Pardons and Paroles7 is hereby authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State, except persons under sentence of death, who has served one-fourth of the maximum sentence imposed, provided that in any case he may be paroled after serving fifteen years.  Time served shall be a total calendar time served and all credits allowed under the laws governing the operation of the Department of Corrections, and executive clemency.  All paroles shall issue upon order of the Board, duly adopted and approved by the Governor."

By virtue of the amendment in question paragraph (a) now reads as follows:

"Section 15. (a) The Board is hereby author-
ized to release on parole, with the approval of the
Governor, any person confined in any penal or cor-
rectional institution of this State, except persons
under sentence of death, who has served one-third
of the maximum sentence imposed, provided that in
any case he may be paroled after serving 20 calen-
dar years. Time served on the sentence imposed shall
be the total calendar time served and all credits
allowed under the laws governing the operation of
the Department of Corrections, and executive clemency.
All paroles shall issue upon order of the Board, duly
adopted and approved by the Governor."

The only change made in the first sentence of said para-
graph was the substitution of the word "one-third" in lieu
of the word "one-fourth", and the substitution of the words
"20 calendar years" in lieu of the words, "fifteen years."
The only change made in the second sentence was the substi-
tution of the words, "on the sentence imposed shall be the
total calendar time served" in lieu of the words, "shall
be a total calendar time served." The third and last sen-
tence was not changed by the amendment.

The changing of the verbiage of said first sentence re-
quires a person confined in the State Penal and Correctional
Institutions to serve one-third of the maximum sentence im-
posed (instead of one-fourth thereof) to be eligible for
parole. The adding of the word "calendar" before the word
"years," in our opinion adds nothing to the meaning of the
first sentence, as a year is composed of 365 days and a
calendar year means a duration of time equal to 365 days.
A leap year is a "calendar year", notwithstanding that a
leap year has 366 days. Ex Parte Johnson, 53 Ariz. 161,
87 Pac. 2d 107 (1939). We hold that the mere insertion by
the Legislature of the word "calendar" before the word "year"
in the statute did not have the effect of changing its legal
meaning, particularly in view of the fact that the Legisla-
ture in the sentence immediately following reenacted with-
out change the same provision for computation of time for
parole as had obtained in the past. "Year" or "calendar
year" have the same legal meaning. Ex Parte Neisler, 126

Tex.Cr. R. 26, 69 S.W. 2d 422 (1934); Seibert v. Sally, 238 S.W. 2d 266 (1951); Article 23, Sects. 15 and 16, V.C.S.; 86 C.J.S. 832, Time, Sect. 9.  Furthermore, change of the one clause in the second sentence cannot in any manner change the meaning of the sentence as contained in the paragraph before the amendment, as both clauses, although not in the identical verbiage, have the same meaning.

It appears from a memorandum and letters submitted to us that the question has arisen as to whether this amendment will require that a person with a life sentence be confined for twenty years (exclusive of credits for good conduct, industry and obedience) prior to his being eligible for parole. To conclude that the first sentence of paragraph (a) requires a confinement of twenty calendar years, exclusive of good conduct credits, is to ignore the second sentence of said paragraph.  The second sentence is a definition of the term "time served" and includes both "calendar time" and "all credits allowed," which clearly refers to credit for good conduct.  The term "served" appears before the word "one-third," and a form of the same verb, to-wit, "serving" appears before the words "twenty calendar years."  It is therefore evident that the definition applies equally to the one-third provision and the twenty calendar year provision.  Therefore, such definition discloses that the Legislature intended that good conduct credits were to be allowed under both the one-third and the twenty calendar year provisions.

Furthermore, it is an elementary rule of statutory construction that statutes dealing with the same general subject, or thing or class of persons or things, are considered in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the Legislature.  53 Tex. Jur. 280, Statutes, Sec. 186, and cases cited.  The purpose of the pari materia rule of construction is to ascertain the legislative intent by giving effect to all laws and provisions bearing on the same subject. Id.  In this connection, we have construed the amendment in question with Article 6184L, Vernon's Civil Statutes, which was not amended, repealed or modified, and which Article provides for commutation of time of prisoners for good conduct, industry and obedience in order to encourage prison discipline. This statute includes all prisoners, whether they are serving sentences for a term of years or a sentence for life.

Prior to the enactment of Article 42.12, Section 15, by the 59th Legislature in 1965, wherein it was specifically provided that credit for earned good time would be allowed for parole under the provision "after serving fifteen years," The Adult Probation and Parole Law of 1947 (Article 781b, C.C.P., Section 12) and The Adult Probation Law of 1957 (Article 781d, C.C.P., Section 15) had provided for parole after serving "fifteen years" but there was no specific statutory provision or authority under these statutes for allowing credit for good time served. Yet, the departmental practice and construction was consistently followed so as to allow the same, evidentially by virtue of Article 6184L. As early as 1943, with the enactment of Article 6184L, the Board of Pardons and Paroles, the Office of the Governor of Texas, and the prison authorities charged with the administration of the law, have followed such practice and construction. Since 1965, these officials have likewise uniformly so construed the sentence in Article 42.12, Section 15, "Time served on the sentence imposed shall be the total calendar time served and all credits allowed under the laws governing the operation of the Department of Corrections and executive clemency." This construction was that all convicts, including those sentenced for life, were eligible for parole after they had served the designated portion of the maximum sentence, which included calendar time served and credits allowed for good conduct. It also means that a person who is given a long term in prison, and those who receive a life sentence, will only have to serve 1/3 or 1/4 of the sentence, or fifteen or twenty years, whichever is less.

This construction is evidenced in Ex Parte Anderson, 149 Tex. Cr. R. 139, 192 S.W. 2d 280 (1946), wherein it was also held that commutation rights earned for parole under the statute will be protected by our courts. If the statute be subject to construction, the applicable rule still obtains, both in civil and in criminal cases, that penal statutes are to be strictly construed against the state and in favor of the accused or prisoner. 53 Tex. Jur. 2d 304, Statutes, Sec. 198. In addition, the long standing departmental practice and interpretation of this statute, construed together with Article 6184L, which was enacted in 1943, is entitled to great weight in the courts, particularly where valuable rights, interests, or contracts have been acquired or earned thereby. 53 Tex. Jur. 2d 259, 260-261, Statutes, Sec. 177.

It is there pertinently stated in part:

> "The courts will ordinarily adopt and uphold
> a construction placed on a statute by an executive
> officer or department charged with its adminis-
> tration, if the statute is ambiguous or uncertain,
> and if the construction so given it is reasonable.
> In other words, the judiciary will adhere to an
> executive or departmental construction of an am-
> biguous statute unless it is clearly erroneous
> or unsound . . . ."

In the case of Texas Employers Ins. Ass'n. v. Holmes, 196
S.W. 2d 390, 145 Tex. 158 (1946), the court stated:

> "The Legislature is presumed to have known the
> construction given this statute by the Industrial
> Accident Board and the courts, and by thus amending
> the statute at intervals in the manner above stated,
> the Legislature endorsed the construction thereto-
> fore given the statute, by the Industrial Accident
> Board.  Also, by the adoption of the Revised Civil
> Statutes of 1925 the Legislature left no doubt about
> its construction of this Act when it re-enacted
> Section 12 without change, after its construction
> by the Industrial Accident Board and the refusal
> of a writ of error by this Court in the Ferguson
> case.  The construction given an original Act should
> be regarded as having been brought forward in amend-
> ments to the Act, if the amendments have not obviously
> changed such construction, and the construction to be
> given a re-enacted statute should be the same as that
> given to the original Act, and a different construction
> will be given only for impelling reasons."

This rule is also followed in the recent Supreme Court case of
Humble Oil and Refining Co. v. Calvert, 414 S.W. 2d 172 (1967).

Since 1943, the Legislature has met eleven times in regular
sessions twice amending the statute (1945 and 1949) without
making any change in language concerning the computation of
time served rendering a person eligible for parole.  Not only
did the Legislature have actual knowledge of the departmental
practice when in 1965 it specifically adopted it and wrote

it into Article 42.12, Section 15, but also under the settled canons of construction, the Legislature is presumed to have acquiesced in such construction and departmental practice in failing to change the statute in a manner clearly disallowing good time served for parole eligibility. 53 Tex. Jur. 2d 265, Statutes, Sec. 178.

Based on the above, we are of the opinion that the recent amendment to the first paragraph of Section 15 of Article 42.12 provided that a convict would be eligible for parole after serving one-third of his sentence or twenty years less time allowed for good conduct under Article 6184L. Had the Legislature intended that persons serving life sentences would not be entitled to credit for good conduct, it would surely have so provided by clear and explicit language.

## SUMMARY

In view of the necessity of construction of Senate Bill 145, 60th Legislature, in amending Section 15 of Article 42.12, Vernon's Code of Criminal Procedure, and the past departmental interpretation or construction, the Legislature made only two changes in the parole law, viz., that convicts would not be eligible for parole until they have served one-third of the maximum sentence imposed or twenty years, less time allowed for good conduct.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V. Geppert
Robert Darden
Monroe Clayton
Harold Kennedy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.