San Antonio & Aransas Pass Railway Company v.
W. N. Hammon.

92  509
92  657

No. 745.   Decided March 13, 1899.

1. **Leading Question.**

It may be doubted whether the definitions of a leading question as one that admits of an answer simply in the affirmative or negative, or as one which, embodying a material fact, suggests the desired answer, are accurate in either form; but where a question contains a series or group of facts and admits of a complete answer by a bare affirmative or negative, it is clearly leading. (P. 514.)

**2.  Same.**

See questions to a witness injured in crossing a railway track which so grouped the facts as to the care exercised as to permit the language of the question to be echoed back by the witness, held to be leading, and the answers to which should have been excluded.  (Pp. 510, 511, 514.)

**3.  Same—Introductory Questions.**

Interrogatories which, though leading in form, are merely introductory to other questions upon the material issues of the case, are not improper.  (P. 515.)

**4.  Leading Question—Discretion of Court.**

In order to sustain the action of the trial court in admitting answers to leading questions the record should show that for some sound reason the judge saw proper to exercise his discretion and to relax the rule.  In the absence of such showing it will be presumed to have been admitted because considered not leading.  (P. 515.)

**5.  Railway—Negligence—Injury at Crossing—Charge.**

See charge given and charges requested and refused in case of injury at railway crossing in which it was held there was no error.  (Pp. 511, 512, 516.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bee County.

Hammon sued the railway company for personal injuries to his wife, and obtained judgment, which was affirmed on appeal by defendant, who then obtained writ of error.

*Proctors*, for plaintiff in error.—The court erred in refusing to suppress, upon proper motion duly made by defendant, direct interrogatory number 17 and the answer to the same, in the deposition of Musie Hammon, the admission of said interrogatory and said answer being improper, because said interrogatory is leading, and said answer suggested by said interrogatory.  The question is: "Did you, or not, hear the approaching train which struck you, and were there or not any signals of its approach, such as the ringing of the bell or the sounding of the whistle of the engine, heard by you?"  The answer is: "I did not hear the approaching train which struck me.  There were no signals given to denote its approach; neither was the bell rung nor the whistle sounded so as to give any warning."  This question is leading for the reasons:  First, it is plainly suggestive of the answer desired; second, it uses the objectionable "did or did not," and so using, does not inquire into a single fact, but groups a series of facts in such manner as to enable the witness by the answer, "I did not," to establish a series of facts.  Lott v. King, 79 Texas, 292; Bridge Co. v. Cartrett, 75 Texas, 628; Railway v. Duelin, 86 Texas, 450; Kean v. Zundelowitz, 29 S. W. Rep., 930; Tinsley v. Carey, 26 Texas, 350; Railway v. Smith, 28 S. W. Rep., 111; 1 Sayles' Prac., sec. 520, p. 491; 1 Greenl. (Lewis' ed.), sec. 434, pp. 707, 708.

The court erred in refusing to suppress, upon proper motion duly made by defendant, direct interrogatory 19 and the answer to the same in the deposition of Musie Hammon, said interrogatory and said answer being improper, because said interrogatory is leading and the answer to the same is suggested by said interrogatory.  The question is: "Were there or not trees, bushes, houses, and cars, or any of these, at the time

that you were hurt, on the west side of the railway track, at or near the track and up above the street along which you approached the track on or near or above the north line of the street, that is, the side of the street up towards San Antonio?"

The answer is: "There was a very large bushy huisatche (weesatche) tree near the track on the west side and near the crossing, and there was a lot of shrubbery beneath the trees. There were no houses, but there were four or five cars on a switch or spur running from the main track near the crossing and on the west side of the track, and about forty or fifty yards from the crossing. The cars were above the north line of the street, up towards San Antonio, Texas." Same authorities.

The court erred in refusing to suppress, upon proper motion duly made by defendant, direct interrogatory number 22 and the answer to the same in the deposition of Musie Hammon, the admission of said interrogatory and answer being improper; because said interrogatory is leading, and because the answer thereto is suggested by said leading interrogatory. The question is: 'State whether or not, after you got so close to the track that you could either look down the track towards Corpus Christi, or up the track towards San Antonio, you so looked either down or up the track?" The answer is: "When I got close enough to the track to look north and south, up and down the track, I looked in the directions indicated." The question is leading, because plainly suggestive of the desired answer. Also, because grouping a state of facts and permitting the witness by a mere affirmative statement that "she did," to establish the entire series of facts stated in the question. Same authorities.

It is the right of a defendant, by requesting proper instructions, to have the rules of law applicable to a case so actually applied to the facts as to prove a practical guide to the jury in the decision of the case. Special charge number 4, requested and refused, is: "It was incumbent upon Mrs. Musie Hammon in approaching said crossing to exercise ordinary care. By ordinary care is meant such care as a person of ordinary prudence would exercise under like circumstances. In applying this test of ordinary care to the acts and conduct of said Mrs. Musie Hammon, each juror who considers himself a person who meets the definition 'a person of ordinary prudence,' should address to himself the practical question as follows: 'If I had been approaching said street crossing at the day and time and under the same circumstances as then surrounded said Mrs. Hammon, would I have done as Mrs. Hammon did and gone on said crossing and been caught and injured by said train?' From the answer to this question each juror, so believing himself to be a person of ordinary prudence, must test the conduct of Mrs. Hammon, and unless the juror believes that he would have acted as Mrs. Hammon acted, and been struck by the train, the verdict of such juror should be for defendant." Railway v. Rogers, 40 S. W. Rep., 956; Railway v. Shieder, 88 Texas, 152; Railway v. McGlamory, 89 Texas, 635; Railway v. Scott, 27 S. W. Rep., 828.

The failure to give signals is wholly immaterial if Mrs. Hammon knew of the train's approach. The error in refusing this special charge is not cured by a correct charge on the issue of contributory negligence.

Special charge number 8, requested by appellant, is as follows: "If you believe from the evidence that the employes on said train were guilty of negligence in failing to give proper signals of said train's approach, yet if you believe that Mrs. Hammon, in the absence of said signals, could have discovered the approach of said train by exercising such care as a person of ordinary prudence would have exercised under like circumstances, you will find for defendant." Railway v. Williams, 41 S. W. Rep., 501; McDonald v. Railway, 86 Texas, 1.

All the evidence showing that Mrs. Hammon entered on this track within a few feet of the moving train, and there being no evidence that the train could have been stopped or the effects of the inevitable collision diminished by any effort to stop the train after Mrs. Hammon went on the track, a charge excluding such phase of the case should have been granted.

Special charge number 12 is as follows: "There are no facts in evidence in this case which would warrant you in finding for plaintiff upon any ground that the engineer and fireman failed to stop the train or check the speed of the same after Mrs. Hammon went on the track, and you will wholly disregard any such contention, if made by plaintiff, in pleading or argument." Tel. Co. v. Kendzora, 77 Texas, 257; Railway v. McCoy, 31 S. W. Rep., 304; Railway v. Measles, 81 Texas, 474; Railway v. Harris, 36 S. W. Rep., 776; Railway v. Younger, 29 S. W. Rep., 948.

The court erred in its main charge to the jury, wherein it instructed the jury as follows: "If you believe plaintiff's wife intentionally went on the track in front of a train which she knew was approaching, and such a short distance therefrom that said train could not be stopped in time to avoid such injury, plaintiff can not recover, and if you so believe from the evidence you will find for the defendant." Said charge being wholly erroneous, because: 1. If plaintiff's wife intentionally went on this track in front of this train which she knew was approaching, there being no mental or physical disability alleged or proven in the case excusing her presence with such intention and such knowledge, and was injured, her husband can not recover in this case, even though the train could have been stopped in time to have avoided her injury, for her negligence would offset that of the employes on the train. 2. Said charge in effect states that though plaintiff's wife was deliberately attempting suicide, yet plaintiff can recover if negligence on the part of defendant's servants aided her endeavor to kill herself. 3. Because there is no evidence in this case warranting any charge upon any duty on the part of the employes of defendant to stop, or endeavor to stop, said train.

*J. C. Crisp, S. P. Dabney, T. A. Fuller,* and *Fiset & Miller,* for defendant in error.—It is immaterial whether question 17 be leading or not, the same fact having been elicited in reply to the thirty-third inter-

rogatory in connection with the thirty-fourth interrogatory. Lott v. King, 79 Texas, 296; Payne v. Benham, 16 Texas, 369; Melcik v. State, 24 S. W. Rep., 418; Able v. Sparks, 6 Texas, 349; Bergen v. Marble Yard, 72 Texas, 55; Cleveland v. Duggan Bros., 2 Willson C. C., 84; Coogler v. Rhodes, 38 Fla., 240; Donnell v. Jones, 13 Ala., 490.

The interrogatory is not leading: (a) Because it does not suggest a group of facts capable of affirmation or negation., Lott v. King, 79 Texas, 299.

(b) Because the witness's attention is merely directed to all signals which should always indicate the approach of a train. Lott v. King, 79 Texas, 297; Tinsley v. Carey, 26 Texas, 350; Able v. Sparks, 6 Texas, 349.

(c) Because the interrogatory contains two distinct questions to be answered separately, as is permissible; that is, witness was asked whether or not she heard the approaching train. She answered that she had not; and secondly, she was asked whether or not there were any signals given of its approach, such as the ringing of the bell or sounding of the whistle. She answered that there were none.

(d) Because the words, "did you or not," although they do not necessarily prevent a question from being leading, do not make it leading, and are unobjectionable.

(e) Because, were it to be conceded that a portion of the question is leading, yet a portion is not leading, and the objection being to the whole interrogatory and the whole answer, without pointing out the objectionable portions, can not be considered. Houston v. Perry, 5 Texas, 467; Am. and Eng. Enc. of Law, 1 ed., p. 615, note 2.

(f) Because it is permissible to direct attention to the subject matter of inquiry. Long v. Steiger, 8 Texas, 462; Harrison v. Harwood, 31 Texas, 656; Donnell v. Jones, 13 Ala., 490.

The evidence elicited by interrogatory 19 is cumulative and uncontradicted. Railway v. Greathouse, 82 Texas, 108; Campbell v. Fisher, 24 S. W. Rep., 663; Newby v. Haltaman, 43 Texas, 317; Tucker v. Smith, 68 Texas, 479; Avery v. Avery, 12 Texas, 59.

A question is not leading which merely directs the mind to the subjects of inquiry. The witness is asked as to all objects, which, in the nature of things, existed upon the ground. The mind is not led to some to the exclusion of others. It is not a pregnant course of interrogation to ask for the description of a fact or object the existence of which was previously testified to by the person interrogated.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages for personal injuries inflicted upon his wife which were alleged to have been caused by the negligence of the company's servants. The plaintiff in the trial court recovered a judgment, which was affirmed by the Court of Civil Appeals.

It was alleged and proved that the wife of plaintiff was injured by a

train of the defendant company at a point where its track crossed a street in the town of Beeville. It was also alleged, among other things, in effect, that at the time of the accident defendant's train was running at a high and dangerous rate of speed without giving the proper signals of its approach. The defendant pleaded that the wife of the plaintiff was guilty of contributory negligence in endeavoring to pass the track without looking and listening for approaching trains. The plaintiff claimed that his wife did look and listen, and that she was prevented from seeing the approaching train by objects near the track which shut it off from view.

The plaintiff took the deposition of his wife in support of his case. Before the trial, a motion on behalf of the defendant was filed to suppress certain of the interrogatories to that witness and the answers thereto, some for the reason that they were leading, and others upon the ground that they predicated upon answers to previous interrogatories which were leading and improper.

A leading question is usually defined as one which admits of an answer simply in the affirmative or negative, or which, embodying a material fact, suggests the desired answer. It may be gravely doubted whether or not the definition be accurate in either form. Probably there may be questions which admit of an answer either in the affirmative or negative which do not indicate to the witness the expected answer. On the other hand, to an intelligent witness, almost any material question contains something in the way of suggestion as to the desired response. Mathis v. Buford, 17 Texas, 152. But where a question contains "a series or group of facts" and admits of a complete answer by a bare affirmation or negation, it is clearly leading. Lott v. King, 79 Texas, 292. It enables the witness "to echo back" the language of the examiner, and enables the examiner to lead even an honest witness in such manner as to give to the testimony a false color, and it may be to grossly distort it. The seventeenth, nineteenth, and twenty-second interrogatories propounded to Mrs. Hammon were of this character. It is apparent from our preliminary statement that it was a material question whether Mrs. Hammon exercised proper care when she attempted to cross the track, and as bearing upon that issue the existence of obstructions to her view along the track became a material question in the case. Yet these interrogatories are so framed that by simple affirmative or negative answers the witness is enabled to say that she did not hear the train; did not hear either the bell or whistle; that there were bushes and cars beside the track, and that by reason thereof she was prevented from seeing the aproaching train. We think the court erred in refusing to suppress the answers to these interrogatories; and think, since the twentieth interrogatory is based upon an answer to a previous leading question, the answer thereto ought also to have been stricken out.

The errors assigned to the action of the court in refusing to suppress the answers upon the ground that the interrogatories were either leading or based upon other answers to leading questions are more than

twenty in number, and are too numerous to be discussed in detail.  After a careful consideration, we have concluded, with some hesitation as to some of them, that these assignments, with the exception of those mentioned above, point out no error.  The twenty-first and thirty-ninth interrogatories may be leading; but if so, we are of opinion that they are not improper, for the reason that we regard them as merely introductory to other questions upon the material issues in the case.

But it is insisted on behalf of the defendant in error that if the interrogatories in question be leading, it should be presumed that the court admitted them in the exercise of a sound discretion, and that therefore there was no error in admitting the answers.  It is also urged that it affirmatively appears that the condition of the witness was such as to render it proper for the court to relax the rule and permit leading questions to be asked.  The facts relied upon in support of the latter contention are that she was not familiar with the English language; that her deposition was taken through the aid of an interpreter; that her sufferings had been great, her nervous system prostrated, and her mind affected.

In a very few jurisdictions it is held that the admission of leading questions is discretionary with the trial court, and that therefore its action upon the matter is final.  In others, it seems to be held that in order to reverse for the admission of an answer to a leading question, the burden is upon the appealing party to show by his bill of exceptions that the court did not admit it in the exercise of a sound discretion as coming under some one of the exceptions to the rule.  We think, however, that since the general rule is that leading questions as to a material fact are not allowable, in order to sustain the action of a court in admitting answers thereto, the record should show that for some sound reason the judge saw proper to exercise his discretion and to relax the rule.  Such we understand to be the rule of decision in this court.  In no case in our reports in which this question has been discussed, from Äble v. Sparks, 6 Texas, 349, to Railway v. Duelin, 86 Texas, 450, have we found any intimation that in the absence of a showing in the bill of exceptions to the contrary, the appellate court will presume that an answer to a leading question was admitted not because the trial judge was of opinion that it was not leading, but for the reason that he considered that the circumstances demanded that he should exercise his discretion and admit it.

In this case we do not see from the face of the record a single circumstance to justify the court in departing from the general rule.  The witness was not unwilling, for the reason that although the suit was brought in the name of the husband, it was in part for her benefit.  She was a real party to the suit.  Simpson v. Brotherton, 62 Texas, 170·  If her mind was impaired, her deposition does not reflect the fact.  Her answers are clear and precise and her ideas accurately expressed.  It can hardly be seriously contended that the fact that her answers had to be taken through an interpreter afforded any good reason why the rule should be

relaxed.   There could be nothing to justify such action in her manner of testifying, for she was not before the court.  Indeed in Mathis v. Buford, 17 Texas, 152, it is intimated that when testimony is taken by deposition there is no exception to the rule which prohibits leading questions.

The plaintiff in error has presented one assignment upon a paragraph of the court's charge and some others to the action of the court in refusing certain special charges requested on its behalf.  We have examined these assignments, and are of opinion that they show no error.

For the errors pointed out, the judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*