ST. JOHN et al. v. MOORMAN.  (No. 1743.)

(Court of Civil Appeals of Texas. El Paso. April 16, 1925. Rehearing Denied May 7, 1925.)

1. Witnesses ⚖=240(1)—Leading questions are improper, where witness is not unwilling or stupid.

Leading questions are improper, where there is nothing to suggest that witness is unwilling or stupid, or that any other reason exists why such questions should be permitted.

2. Witnesses ⚖=406—Defendant's version of conversation, at which plaintiff was not present, held admissible to contradict plaintiff's witness' version.

In action for commissions for selling interest in oil well, testimony by defendant as to his version of conversation, at which plaintiff was not present, was admissible to contradict plaintiff's witness' version of such conversation.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by Cull C. Moorman against W. F. St. John and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Butts & Wright, of Cisco, for appellants.
Dabney & Callaway, of Eastland, for appellee.

HIGGINS, J. R. F. and W. F. St. John appeal from a judgment rendered against them for $833.33 in favor of Moorman alleged to be due as commission for effecting the sale of an interest owned by appellants in an oil well. The case was submitted upon special issues, which were found in favor of the appellee. The appellants complain of two rulings upon evidence, and also assert that the evidence is insufficient to support the finding that appellee was the procuring cause of the sale. As to the attack made upon the sufficiency of the evidence, this is overruled; the evidence abundantly supports the jury's findings.

[1] The first ruling upon evidence complained of, as shown by the bill of exception, is as follows:

"While the witness R. M. Johnson was testifying by deposition in behalf of the plaintiff, direct interrogatory No. 7 and the answer thereto was offered in evidence by the plaintiff; said interrogatory being as follows, to wit:

"'Will ask you if it is not a fact that within two or three days after the conversation above inquired about that Mr. Moorman came to the Magnolia office in Dallas, Tex., and submitted you a price upon the said lease, and described said lease to you in detail, if you say that such conversation did occur, then state in detail just what was said?' and the answer thereto being as follows, to wit: 'Yes; a few days after the above conversation with Mr. Moorman he came to our office and submitted this property to us at a price of $90,000, and gave to me the production records and other information with reference to the lease. During this conversation we discussed the lease, its value, etc., and I asked him if he did not believe the lease could be bought for $80,000. He stated that he believed that $90,000 was the best price that the property could be purchased for. I told him that we would check up on the production of this piece of property, take an inventory of same, and, if we felt that we could afford to pay this price for the lease, that we would be glad to make a trade with him. I told him that, if he would come back in a few days, we would let him know as to whether or not we would be interested in purchasing this property.' To which interrogatory the defendants objected upon the ground that it was leading and suggestive. The attorneys for the plaintiff and for the defendants having agreed that the statutory requirements were waived, and that objections could be made at the time of trial, the court then and there overruled the objections to said interrogatory No. 7, and permitted the said witness, R. M. Johnson, to testify as shown by said answer."

Appellee does not controvert the proposition that the question was leading and the answer material in his favor upon the vital issue in the case. But he asserts it was within the discretion of the trial court to permit a leading question, and no abuse of such discretion is shown. There is nothing whatever to suggest that the witness was unwilling, stupid, or any other reason existing which would authorize a departure from the established rule forbidding a leading question. The court erred in overruling the appellant's objection to the question and its answer. Railway v. Dalwigh, 92 Tex. 655, 51 S. W. 500; Darnell Lbr. Co. v. City L. & T. Co. (Tex. Civ. App.) 112 S. W. 128.

[2] The court also erred in excluding the testimony of W. F. St. John as shown by bill of exception No. 8. The witness Jones had testified to a conversation between himself and representatives of the purchaser respecting the payment of the commission. According to Jones' testimony it would appear that St. John, who was present at the time, impliedly agreed with his associates to take care of any commission which might be claimed by Moorman. The excluded testimony of St. John gave a different version of the conversation and rebutted the inference which the version of Jones implied.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was admissible for that purpose. The fact that appellee was not present when the conversation occurred—the ground assigned for the exclusion—is no reason why St. John should not have been permitted to testify to the conversation which actually occurred. The testimony related to the conversation as it actually occurred, and St. John should have been permitted to give his version of it.

Reversed and remanded.