**LUSE et al. v. GIBSON et al.**

No. 2292.

Court of Civil Appeals of Texas. El Paso. March 20, 1930.

Rehearing Denied April 17, 1930.

W. B. Silliman, of Ft. Stockton, and Jno. F. Weeks, of Odessa, for plaintiffs in error.

J. G. Montague, Hart Johnson, and T. M. Milam, all of Ft. Stockton, for defendants in error.

HIGGINS, J.

Defendants in error brought this suit against plaintiffs in error to cancel an oil and gas lease executed by the former covering land in Pecos county of date September 18, 1922, and recorded in said county. The ground of the action is that the lease was originally executed for a term of five years and that after its execution by defendants in error, and before it was recorded, the term of the lease was without authority altered so as to make the same read for the term of thirty years. This issue was found by the jury in favor of defendants in error and judgment rendered accordingly.

The first two assignments question the sufficiency of the evidence to support the finding indicated. These are without merit, the testimony of the defendants in error being sufficient to support the finding indicated.

There is no occasion to quote the testimony upon the issue given by Mrs. Gibson and her husband, and comment thereon is inappropriate in view of the retrial to be had.

■ There are a great many assignments complaining of rulings upon evidence, none of which present error except those relating to leading questions propounded to defendants in error by their counsel while they were testifying in their own behalf. The questions objected to were leading and highly suggestive of answers favorable to defendants in error and were so answered. They related to the vital issue of whether the lease as originally executed was for a term of five or thirty years. No reason is suggested, nor does any appear, why the questions were permitted. Many questions of the objectionable nature indicated were asked and objection thereto overruled, about six bills of exception being taken to the different rulings permitting the same. These rulings necessitate reversal in view of the fact that the questions were leading and suggestive, related to the vital and sharply contested issue of alteration, and no reason appearing why the questions were permitted in their objectionable form. International & G. N. Ry. Co. v. Dalwigh, 92 Tex. 655, 51 S. W. 500; San Antonio & A. P. Ry. Co. v. Hammon, 92 Tex. 509, 50 S. W. 123; St. John v. Moorman (Tex. Civ. App.) 272 S. W. 223; Darnell Lbr. Co. v. City L. & T. Co. (Tex. Civ. App.) 112 S. W. 128.

■ Another issue was submitted and found by the jury in favor of defendants in error. This issue was not raised by the pleadings and its submission objected to upon that ground.

No error was assigned in the lower court to the submission of such issue, but upon oral argument it was here suggested as funda-

mental error. The issue should not have been submitted for the reason upon which it is objected to by plaintiffs in error. But this error of itself would not necessitate reversal, for the judgment is supported by the finding upon the issue of alteration.

Reversed and remanded.