## STATELER et al. v. NETTLES et ux.

### No. 13214.

Court of Civil Appeals of Texas. Dallas.
June 5, 1942.

A. C. Scurlock, of Dallas, for appellants.

Marion B. Solomon, of Dallas, for appellees.

LOONEY, Justice.

This is an appeal from an order of the court below, dismissing, for want of prosecution, appellant's action for damages. The record discloses that on November 26, 1932, Walworth Stateler, a minor, by and through his father, C. L. Stateler, as next friend, and C. L. Stateler in his own behalf, sued J. L. Nettles and wife to recover damages alleged to have been sustained by the minor; loss of his services to his father and injury to the car in which they were riding, resulting from a collision between an automobile driven by C. L. Stateler and an automobile driven by Mrs. Nettles. Appellees were duly cited and answered on December 15, 1932; the case was placed upon the jury docket in January, 1933; was dismissed for want of prosecution on June 24, 1935, but reinstated a few days later; appeared upon the printed list of jury cases, subject to call September 14, 1940, but prior to that date, the presiding judge 'phoned appellant's counsel that he would have to appear and answer "ready" on the date named, or else the case would be dismissed for want of prosecution.

It was not contended that appellant was lacking in the exercise of proper diligence after thus being notified by the presiding judge. The motion to dismiss the case for want of prosecution was based upon the alleged absence of diligence during the nearly eight preceding years. During that time, the record fails to disclose that the case was set for trial at the instance of either party, or that either party exercised diligence to have the case set for trial. At the hearing on the motion to dismiss, appellant testified, among other things, that: "He (appellant) has never requested his lawyer to get the case tried during the eight-year period"; and appellant's counsel concluded his testimony by saying that "He didn't ask that the case be set in 1934, '35, '36, '37, '38 or '39, because he was unable to do all his work at the time."

In the recent case of Callahan v. Staples, Tex.Sup., 161 S.W.2d 489, 491, the Supreme Court, affirming the judgment of the Court of Civil Appeals (138 S.W.2d 206), said: "Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become

effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit." (Citing numerous authorities.)

 Applying this doctrine to the facts of the instant case, we cannot say the trial court abused its discretion in dismissing the suit, hence affirm the judgment.

Affirmed.