**STARNES et ux. v. JOST et ux.**

No. 14220.

Court of Civil Appeals of Texas. Dallas.

March 31, 1950.

Rehearing Denied April 17, 1950.

Stanley M. Kaufman, Mohrle, Oster & Kaufman, all of Dallas, for appellants.

Mac Q. Williamson, Attorney General of Oklahoma and Owen J. Watts, Assistant Attorney General of Oklahoma, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of a district court of Dallas County, Texas, acting as Juvenile Court, in a consolidated cause of action—one of habeas corpus instituted by James J. and Lucretia Jost, relators, for the custody of their minor female child, against J. A. Starnes and wife, respondents. This application was filed February 7, 1949, with writ immediately issued and served upon the respondents commanding them to have the said child before the court on the ninth day immedi- ately following date of issuance, to show cause why said minor should not be brought into court and delivered to the custody of the relators. On February 8 the respondents, J. A. Starnes and wife, answered and, at the same time, filed an independent original application to have the child declared a dependent and neglected child. The trial court consolidated the two causes and on April 28, 1949, at a trial before the court without a jury, judgment was rendered in favor of the relators for the custody, care, and control of their minor child; and refused respondents' application to have the minor declared a dependent and neglected child. Accordingly on October 22, 1949 (six months later) the trial court signed and entered the order for a change of custody, with order directing Mr. and Mrs. Starnes to deliver up the child to its natural parents; conditioned, however, that the child remain with the Starnes until final hearing should be had on appeal, upon their executing a supersedeas bond in the sum of $1,000. On filing of the bond, Mr. and Mrs. Starnes perfected the appeal to this Court on December 19, 1949. And, too, the cause reached this court without a statement of facts or findings of fact by the trial court, other than as recited in the judgment that, "It appearing to the court * * *; that although it would be to the minor child Nancy Gale Jost's best interest to remain with the respondents, Mr. and Mrs. J. A. Starnes, this court has no authority to award her to persons other than the natural parents, the petitioners herein."

It will be observed that the trial court does not hold or find that the natural parents, relators herein, are unfit or unworthy to have the care, custody, and control of their two-year-old minor child; and there is no pleading raising the issue that the natural parents are unfit or unworthy; and certainly none that the child was a neglected or dependent child as to deprive the parents of their natural rights. The mere fact that it appears to the court, or that the court may feel, as evidently she does, that Mr. and Mrs. Starnes, financially, are better qualified and the future welfare of the child would be better sub-

served to have the custody of the child remain with them, rather than with the humble parents, yet such cannot be the basis to deprive the natural parents of their offspring. Therefore, absent a statement of facts or findings of the trial court, we must assume that the court found facts in support of its judgment.

As we view this record, the parents are entitled to the custody, care, and control of their child. The delay incident to the disposition impels the hastening of disposition of this appeal. The judgment of the court below is in all things affirmed.