**BUTCHER et al. v. TINKLE et al.**

No. 12222.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1950.

Rehearing Denied Dec. 7, 1950.

Fulmer & Fairchild, Robert C. Barnett, of Nacogdoches, for appellants.

Adams & Adams, S. M. Adams, Jr., all of Nacogdoches, for appellees.

GRAVES, Justice.

This appeal, in a trespass-to-try-title suit involving fifty acres of land in the Stephen Strode Survey in Nacogdoches County, Texas, originally filed January 19, 1944, is from, first, a prior order, dated May 23, 1949, of the court below replacing the cause on its trial docket as it had been before as numbered and styled; and, second, from the court's final judgment of February 16, 1950, entered in part upon a jury's verdict in response to one special issue-of-fact submitted to it, and in part upon the court's independent findings from the law and the evidence.

The court decreed the title to the land to be in appellees, thereby quieting them in their title thereto, as against the claims of the appellants.

Through their two points-of-error, appellants protest here against the action so adverse to them below, urging, first, that the court erred in so replacing the cause for trial on its trial docket and, second, that it committed reversible error in permitting appellees' counsel, Mr. Adams, during the trial on its merits, to ask appellees' witness, Mr. Blackburn, whether, in his conversation with J. H. Tinkle, after the date of an alleged gift of the land involved to the appellees by Tinkle, he made this inquiry: "When he was in there that day did he (i. e., Tinkle) refer to this place (i. e., the fifty acres) as his?"

In the state of the record presented here, it is determined that neither of the stated contentions of the appellants should be sustained.

As concerns the re-instatement of the cause on the docket, the unimpeached findings of court in its described order of re-instatement relieve that action from the objections appellants urge against it; they being, as follows:

"* * * the Court finds from the evidence that the cause was inadvertently left off the docket; that the same was never dismissed as shown by the minutes of said Court, and that plaintiffs have not been lacking in due diligence at any time as to said cause, but have from time to time been in contact with their attorneys and urged the trial, but on account of circumstances which they had no control over intervening, as plaintiffs were in constant contact with their attorney about the case and were urging a trial of said cause; that plaintiffs employed another and different attorney to look into the matter and report to them the status of said cause; that as soon as they ascertained the cause was off the docket they got in contact with their attorney and that they were informed by their said attorney that he was not situated so as to represent them on account of being tied up in politics and

that plaintiffs immediately employed another and different attorney and filed their motion to have the cause put back on the trial docket."

■ Under the quoted facts, which are binding here, authorities like Fielder v. Swan, Tex.Civ.App., 175 S.W.2d 279, are not applicable, since the court's action is sustainable under such different holdings of our courts as those in Staples v. Callahan, Tex.Civ.App., 138 S.W.2d 206, pars. 7 and 8, and the same cause in the Supreme Court, reported in 138 Tex. 8, 161 S.W.2d 489; see also Stateler v. Nettles, Tex.Civ.App., 163 S.W.2d 700; 15 Texas Jurisprudence, "Dismissal, Discontinuance, and Non-Suit," sec. 42, page 286.

■ As concerns the holding permitting the witness Blackburn to answer the quoted question to him, which he did positively by answering "Yes," it is concluded that the context—in this instance also—renders the criticized action of the court in permitting such answer as having been at least innocuous.

It is true the appellees claim the land as having been given to them by W. L. Tinkle, prior to the time of witness Blackburn's recited conversation with Tinkle, but it was further made to appear that witness Blackburn was not a party to the suit, nor did he have any interest in its outcome; that he was testifying for appellees, on rebuttal, and the form of the question was such that it might have been answered either yes or no, hence it was not objectionable as having been leading; Texas Law of Evidence, by McCormick and Ray, page 350.

Even if it had been of a leading character, it might still have been permitted—within the sound discretion of the trial court—in the circumstances under which it was received; Hensley v. Waco Drug Co., Tex. Civ.App., 18 S.W.2d 778, pars. 3 and 4. Since, as indicated, this witness was so testifying on rebuttal, and since he was shown to have had no interest in the controversy, or in the results which might have flowed from his testimony, he was not a hostile witness, as affected the appellants, or their

interests; San Antonio & A. P. Railway Co. v. Hammon, 92 Tex. 509, 50 S.W. 123.

Without further discussion, it is concluded that the judgment should be affirmed.

It will be so ordered affirmed.