**CARTER v. CADE et ux.**

No. 15230.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

Irwin & Irwin and Robert C. Benavides, all of Dallas, for appellant.

Bonney, Paxton & Wade, of Dallas, for appellees.

CULVER, Justice.

The appellant, Mrs. Gertrude Carter, a widow, petitioned the Dallas court for a writ of habeas corpus alleging that the appellees, Mr. and Mrs. James Cade, of Rockwall County, Texas, were illegally restraining and keeping custody of her minor child, a boy four years of age. The proceedings were removed to Rockwall County on a plea of privilege and upon trial the petition was denied and the custody of the child awarded to appellees. No statement of facts is brought up in the record but the court made certain findings of fact, which are substantially as follows:

Mrs. Carter is the mother of the child, a boy now four and one-half years of age. Noel Carter, the father of the child and husband of appellant, in 1946 contracted tuberculosis, which resulted in his death in 1947. To protect the infant child from the danger of contracting tuberculosis, a verbal arrangement was made by appellant and appellees, the latter being cousins of the said Noel Carter, to the effect that appellees would care for this child until such time as Carter regained his health or until appellant was able to care for her child. After the death of the father, the mother made demand for the return of her child but on the insistence of appellees left the child in their care until such time as she could secure a position and a place for herself and the child. A short time prior to the month of October, 1949, when application was made for a writ of habeas corpus, appellant made oral demand on the appellees for the return of the child and respondents refused to give up possession of him. When the last demand was made by appellant and at the time of the trial, she was employed by a reputable insurance company at a salary of $185.00 per month, and was then living in a reputable and respectable residential neighborhood of Dallas, occupying an apartment with a family of good moral character and reputation. The appellant, as well as the appellees, were found to be proper and fit persons to have the care, custody and control of the child. During the time the child was in the possession of the appellees, the appellant, Mrs. Carter, had furnished to them money and clothing for the child and made periodic visits to see him. The appellees, Mr. and Mrs. Cade, held the child by virtue of a verbal agreement with the appellant, without any time having been fixed for his return, and which agreement would terminate at the will of the parties or when petitioner requested the return of the child. The court in conclusion found, "that due to the length of time that minor child has been in the possession of the respondents and from a financial and educational standpoint, it would be for the best interest of said minor child to remain in the possession of the respondents."

Necessarily the trial judge is allowed wide latitude and broad discretion in determining custodial rights to children. But in this case we believe he exceeded the limits of his discretionary powers and under the facts found by him should have awarded the custody to the appellant. It seems to be well settled in Texas that when a parent is found to be a fit and suitable person to have the care and custody of his own child, it should be awarded to him, unless he has abandoned the child or definitely relinquished his responsibility and obligation as a parent and conferred those privileges and duties on others. Though the parent has permanently relinquished custody of the child, he may even regain the custody provided it is found to be for the best interest of the child. In the instant case there was no relinquishment except one of a temporary nature, which, according to the facts found by the court, was thoroughly understood and agreed to by all parties. In the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, 903, the Supreme Court reversed a judgment of a lower court and directed that the child be delivered to its mother, quoting with approval from the case of State ex rel. Herrick v. Richardson, 40 N.H. 272, 275, as follows: " 'The discretion to be exercised is not an arbitrary one, but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount

right to the custody of his infant child, which no court is at liberty to disregard.'"

In the case of Starnes et ux. v. Jost et ux., Tex.Civ.App., 228 S.W.2d 563, 564, the trial court's judgment recites: "It appearing to the court * * *; that although it would be to the minor child['s] best interest to remain with the respondents, * * * this court has no authority to award her to persons other than the natural parents". The Dallas Court of Civil Appeals in affirming this case held: "The mere fact that it appears to the court, or that the court may feel * * *, that Mr. and Mrs. Starnes, financially, are better qualified and the future welfare of the child would be better subserved to have the custody of the child remain with them, rather than with the humble parents, yet such cannot be the basis to deprive the natural parents of their offspring." See also Sanchez v. Garcia, Tex.Civ.App., 278 S.W. 868.

The facts in the case of Poss v. Anderson, Tex.Civ.App., 188 S.W.2d 726, 729, are very similar to those in the case under consideration. In that case the trial court found that the mother had transferred her minor children into the care and custody of the appellees, that the children had remained in their custody for about three years and that it was for their best interest that they continue in the custody and control of the appellees. The Amarillo Court, reversing the trial court, cited the case of State ex rel. Wood v. Deaton, supra, and said: "The testimony warrants the conclusion of the court that both the appellants and the appellees are fit persons to have the custody of the children and that a good home would be furnished them by either the appellants or the appellees, but no reason is given for the conclusion that the best interests of the children would be subserved by decreeing their custody to the appellees, and we are unable to find any valid reason therefor in the record."

A review of the authorities cited by appellee reveals that they do not support the decision of the trial court. In Fleming v. Honeycutt, Tex.Civ.App., 205 S.W.2d 137, 138, the natural father sought to regain the custody of his two young children from their maternal grandparents, the mother of the children being dead. The trial judge awarded the custody of the children to the grandparents. In his findings of fact, the trial judge found, "that the appellant and appellees alike were people of good reputation and not disqualified to assume the care and custody of the children." Justice Harvey, in affirming the case, said: "If the record should end here and if no further issues were involved, we would agree that appellant's point to the effect that in a contest over child custody between the natural parent or parents, and some other person and the evidence showed that all the parties were suitable for assuming the responsibility of rearing the children involved, as a matter of law the parent or parents would have a paramount right and would be entitled to the custody of the minors." But the record did not end at that point. The trial court found that the father had voluntarily parted with the children and agreed with the grandparents that he would never take the children from them; that he proposed to keep them in an apartment over a grocery store about three miles from town; that he worked at night and slept in the daytime, and had some sort of an indefinite agreement for a housekeeper who had seen the children but once or twice. The foregoing facts lead to the inescapable conclusion that the trial court in effect found that the father was not in all respects a fit and proper person to have the custody, control and responsibility of rearing these children.

In Tunnell v. Reeves, Tex.Civ.App., 35 S.W.2d 707, the original parents were found to be not proper and fit persons to have the care and custody of the child, and the Supreme Court upheld the trial court in awarding the custody to the foster parents.

The Supreme Court case of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, merely held that where the natural parents had by written agreement relinquished their right to the custody of their child and where it had been formally adopted by the foster parents, the parents could not

regain custody unless the court was of the opinion that the best interest of the child would be promoted thereby.

In Pintor v. Martinez, Tex.Civ.App., 202 S.W.2d 333, and in Robinson v. Wampler, Tex.Civ.App., 202 S.W.2d 500, 502, the parents were denied custody of their children. In the first case the mother was found to be morally unfit and in the latter case, while the trial court found that the father was a "fit and proper person," nevertheless many circumstances and facts were detailed in the testimony which indicated the unsuitability of the father to have the custody and control of his small children.

In short, we find no authority refusing custody of a child to its natural parent, especially a mother, where she has been found to be a fit and proper person, merely on the basis that other parties could furnish to the child better financial and educational advantages. Believing that the trial court exceeded his discretionary powers, this case is reversed and rendered, fixing the care, custody and control of the child in appellant, Mrs. Gertrude Carter.