Ida Mae KILPATRICK, Appellant,

v.

Mrs. Eva B. NORBY et al., Appellees.

No. 13207.

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1957.

Peter Briola, San Antonio, for appellant.

Robertson, Jackson, Payne, Lancaster & Walker, Dallas, Carl Wright Johnson, Nat L. Hardy, Alfred W. Offer, San Antonio, for appellees.

BARROW, Justice.

This is a suit by Ida Mae Kilpatrick for damages for personal injuries. The original petition was filed July 2, 1953. Mrs. Eva B. Norby and L. O. Williams, defendants, filed their original answer on July 16, 1953. On August 3, 1956, defendants filed a motion to dismiss the cause for want of prosecution, alleging abandonment of the suit by plaintiff. The motion was set for hearing on August 9, 1956, and recessed until August 15th. On August 13, 1956, plaintiff filed her answer to the motion. The motion was heard on August 15, 1956, and the court took the matter under advisement until December 14, 1956, at which

time the court announced its decision sustaining the motion and dismissing the cause. Plaintiff then filed a motion to set aside this decision. The final order dismissing the cause was signed on December 21, 1956, and on December 28th plaintiff filed a motion for new trial which was heard and overruled on January 8, 1957. Plaintiff has appealed to this Court.

■ The motion to dismiss, the supplemental motion and the answer thereto, all are sworn to by the respective counsel and contain detailed accounts of what occurred during the pendency of the suit. These pleadings have numerous exhibits attached, and the judgment of the court recites that evidence was heard. The record is before this Court without a statement of facts or findings of the trial court and we must presume that the dismissal by the trial court was fully supported by the evidence. Pridgen v. Bubella, Tex.Civ.App., 229 S.W.2d 654, error refused; Starnes v. Jost, Tex.Civ.App., 228 S.W.2d 563, error refused.

■ However, from the record before us, it is apparent that the trial court did not abuse his discretion in dismissing the cause for want of prosecution. The sworn motion, the supplemental affidavit and the exhibits show that from the time of filing the suit until after the motion to dismiss was filed, a period of more than three years, appellant did nothing to further the prosecution of her case, but, on the other hand, this record reveals that appellees' attorney, W. B. Patterson, of Dallas, Texas, on many occasions attempted to contact appellant's attorney to arrange to take appellant's deposition and none of his letters were answered. More than four months elapsed from the time of filing the motion to dismiss to the time the motion was acted on by the court, and during said time appellant did not appear before the court to which the case was assigned and announce ready to try said cause. Under these circumstances the trial court was authorized to

dismiss the cause for want of prosecution. Callahan v. Staples, 139 Tex. 8, 161 S.W. 2d 489; Stateler v. Nettles, Tex.Civ.App., 163 S.W.2d 700.

The judgment is affirmed.