John **POLLOK** et al., Appellants,

v.

**McMULLEN OIL & ROYALTY CO.,** Inc., et al., Appellees.

No. 14280.

Court of Civil Appeals of Texas. San Antonio.

Oct. 14, 1964.

Rehearing Denied Nov. 18, 1964.

Ronald Smallwood, Karnes City, for appellants.

Cox, Smith & Smith, San Antonio, for appellees.

BARROW, Justice.

This is an appeal by seventeen plaintiffs from an order òf dismissal of their joint suit to set aside mineral deeds executed by these plaintiffs or their predecessors in title to tracts of land located in Wilson County, Texas. The suit was filed by nineteen plaintiffs against twenty-two defendants, but only seventeen plaintiffs perfected this appeal, and they now assert a cause of action against only defendants McMullen Oil & Royalty Co., Inc., and the Fort Worth National Bank, Executor of the Estate of Susie McMullen Langille, Deceased.

This suit was filed on September 7, 1955, however, appellees were not served with citation until February 26, 1960. On October 19, 1963, appellees filed their motion to

dismiss, predicated upon three grounds: 1. A lack of diligence in prosecuting this suit; 2. The four-year statute of limitations, because of the delay of over four years in obtaining service of citation on appellees; 3. Res judicata, based on the holding in McMullen Oil & Royalty Co., Inc. v. Lyssy, Tex.Civ.App., 353 S.W.2d 311, that the claim was barred by the four-year statute of limitations. Lyssy's claim was severed from this original suit and appellees assert that the facts regarding delay in service of citation are identical. The trial court sustained appellees' motion after a full hearing and dismissed the entire suit on November 15, 1963. There are no findings of fact and conclusions of law.

■ It is settled that a party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 1957; First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085, 1931; McDonald, Texas Civil Practice, § 17.18; 20 Tex.Jur. 2d, Dismissal, § 33.

■ The question presented by this appeal is, as stated in Bevil v. Johnson, supra: "The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law." See also: Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 1958; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, Tex.Com.App.1942; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480, writ ref. n. r. e.; Kilpatrick v. Norby, Tex.Civ.App., 302 S.W.2d 492, no writ hist.; Routh v. City of San Antonio, Tex.Civ.App., 302 S.W.2d 452, no writ hist.

■ It is our opinion, from an examination of the entire record in this case, that there is no showing of a clear abuse of discretion in the trial court's action in dismissing this suit because of appellants' failure to prosecute it with diligence. In the eight years that the suit had been pending, only the cause of action asserted by Lyssy was tried. The appeal in this case was terminated adverse to Lyssy on January 17, 1962. In December, 1962, appellees filed their first motion to dismiss for want of prosecution and this motion was overruled by the trial court on December 14, 1962. Thus it is seen that the only legal activity in this case for twenty-one months was a motion to dismiss filed by appellees.

Appellants seek to justify their delay by the fact that a companion case from Karnes County was pending on appeal during 1962, and was not decided by this Court until February 20, 1963, with rehearing overruled on March 20, 1963. McMullen Oil & Royalty Co., Inc. v. Moczygemba, Tex.Civ.App., 365 S.W.2d 939. Another companion case from Karnes County was decided in 1961: McMullen Oil & Royalty Co. v. Korzekwa, Tex.Civ.App., 344 S.W.2d 525, writ ref. n. r. e. Each of these companion cases was held barred by the four-year statute of limitations. Appellants further assert that at the hearing on the motion to dismiss they announced ready on any or all of the remaining causes of action. Considering all these facts, appellants urge that there was nothing before the trial court to indicate an intention not to prosecute their suit.

A similar contention was overruled by the Supreme Court in Bevil v. Johnson, supra, wherein it was said: "The fact that respondents had no intention to abandon it, or that their attorney had hopes of settling the case, cannot be made a ground for charging an abuse of discretion by the trial court." See also: Stateler v. Nettles, Tex. Civ.App., 163 S.W.2d 700, no writ hist.

The trial court was familiar with the history of this and the Karnes County companion cases, and after a full hearing dismissed this case. There is no showing of a clear abuse of discretion in this action.

The judgment is affirmed.